Of Counsel:
OGAWA, LAU, NAKAMURA & JEW
Attorneys-at-Law
A Law Corporation

ROY T. OGAWA          1821-0
600 Richards Building
707 Richards Street
Honolulu, Hawaii 96813
Telephone:  (808) 533-3999
Facsimile:   (808) 533-0144
E-mail: rogawa@ollon.com

Attorneys for Plaintiff
DEVELOPERS SURETY AND
INDEMNITY COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DEVELOPERS SURETY AND INDEMNITY COMPANY, a California corporation,<br><br>                        Plaintiff,<br>   v.<br><br>DKSL, LLC dba Paramount Builders, a Hawaii limited liability company; STEVEN LEE, also known as Steven S. Lee and Steven S. Y. Lee; DANIEL KIM, also known as Daniel Young Kim and Young Soo Kim; JULIA KIM, also known as Julia D. Kim; PATRICIA LEE, also known as Patricia Chong Ja Lee<br><br>                        Defendants. | CIVIL NO.<br>(Contract)<br><br>PLAINTIFF'S COMPLAINT FOR (1) BREACH OF CONTRACT OF INDEMNITY; (2) UNJUST ENRICHMENT; (3) QUIA TIMET; EXHIBITS "1" and "2" |

COMPLAINT FOR (1) BREACH OF CONTRACT OF INDEMNITY; (2) UNJUST ENRICHMENT; (3) QUIA TIMET

Comes now Plaintiff DEVELOPERS SURETY AND INDEMNITY COMPANY ("Developers"), by and through its counsel, Ogawa Lau Nakamura and Jew and hereby alleges as follows:

I. PARTIES

1. DEVELOPERS is a corporation duly organized and existing under the laws of the State of California and authorized to do business in the State of Hawaii.

2. DEVELOPERS alleges upon information and belief that Defendant DKSL LLC, dba Paramount Builders ("DKSL" or "Paramount") is, and at all times mentioned herein was, a Hawaii limited liability company duly organized and existing under the laws of the State of Hawaii, whose principal place of business is in the City and County of Honolulu, State of Hawaii.

3. DEVELOPERS is informed and believe that the members of Paramount are Defendants Steven Lee and Daniel Kim, both residents of the City and County of Honolulu, State of Hawaii.

4. DEVELOPERS alleges upon information and belief that Defendant Steven Lee, also known as Steven S. Lee and Steven S.Y. Lee, is, and at all times mentioned herein was, a resident of the State of Hawaii residing in the City and County of Honolulu, State of Hawaii.

5. DEVELOPERS alleges upon information and belief that Defendant Patricia Lee, also known as Patricia Chong Ja Lee, was a resident of the State of Hawaii, is now a resident of Mobile, State of Alabama.

6. DEVELOPERS alleges upon information and belief that Defendant Daniel Kim, also known as Daniel Young Kim and Young So Kim, is, and at all times mentioned herein was, a resident of the State of Hawaii residing in the City and County of Honolulu, State of Hawaii.

7. DEVELOPERS alleges upon information and belief that Defendant Julia Kim, also known as Julia D. Kim, is, and at all times mentioned herein was, a resident of the State of Hawaii residing in the City and County of Honolulu, State of Hawaii.

## II. JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. §1332. Plaintiff and Defendants are citizens of different states and the amount in controversy, exclusive of costs and interest, is in excess of $75,000.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Substantially all of the events and circumstances giving rise to this action took place in this judicial district.

## III. FACTS

10. DEVELOPERS incorporates by reference all of the above paragraphs as if fully set forth herein.

11. DEVELOPERS, as Surety, at the request of DKSL LLC dba Paramount issued the following three bonds (the "Bonds"):

   a. Performance and Payment Bond No. 750686P, dated September 1, 2010 with DKSL LLC dba Paramount Builders (Principal) and State of Hawaii (Obligee) for the Ala Wai Elementary School Building A, B &C - Renovate Restrooms, DOE Job No. Q24001-07 Project ("Ala Wai Project") in the State of Hawaii with a Bond Penal Sum of $266,430.00.

   b. Performance and Payment Bond No. 750687P, dated September 2, 2010 with DKSL LLC dba Paramount Builders (Principal) and State of Hawaii (Obligee) for the Kalakaua Middle School New Locker/Shower Building, DOE Job No. Q21006-07 Project ("Kalakaua Project") in the State of Hawaii with a Bond Penal Sum of $2,097,900.00.

   c. Performance and Payment Bond No. 751720P, dated March 26, 2012 with DKSL LLC dba Paramount Builders (Principal) and City and County of Honolulu (Obligee) for the Kokea Street Maintenance Facility Building A Extension of Mezzanine Job No. VI-02-11-C ("Kokea Project") in the State of Hawaii with a Bond Penal Sum of $733,000.00.

12. DEVELOPERS is qualified to conduct business as a surety within the State of Hawaii and to engage in the activity described in this Complaint ("Complaint"). Among its business operations, DEVELOPERS is engaged in the business of issuing surety bonds, including performance and payment bonds.

13. As partial consideration for Surety's agreement to furnish the Bonds on behalf of the Principal, DKSL LLC, DEVELOPERS and Defendants DKSL LLC; Daniel Kim, Julia Kim, Steven Lee and Patricia Lee (collectively "Indemnitors" or "Defendants"), executed and entered into a general Indemnity Agreement (the "GIA"). A true and correct copy of the GIA is attached hereto as Exhibit "1" and incorporated herein by this reference.

14. DEVELOPERS has the right, under the GIA and otherwise under the law, to pursue claims for losses arising under the bonds issued by DEVELOPERS, including the Bond giving rise to the losses at issue in this action.

15. Pursuant to the terms of the GIA, Defendants, jointly and severally, agreed to indemnify DEVELOPERS from and against any and all liability for losses, fees, costs and expenses of whatsoever kind or nature which DEVELOPERS, and any other company that is part of or added to the DEVELOPERS, incurred as a consequence of issuing the bonds on behalf of DKSL LLC or as a consequence of a breach of the GIA by Defendants.

16. Under the GIA, Principal and each separate Indemnitor, jointly and severally, agreed in part as follows:

I. INDEMNIFICATION. In consideration of the execution and delivery by Surety of a Bond or any Bonds on behalf of Principal, Principal and Indemnitor shall pay all premiums charged by Surety in connection with any Bond (including extensions, renewals or modifications) issued by Surety on behalf of Principal and shall indemnify and hold harmless Surety from and against any and all liability, loss, claims. demands, costs, damages, attorneys' fees and expenses of whatever kind or nature, together with interest thereon at the maximum rate allowed by law, which Surety may sustain or incur by reason of or in consequence of the execution and delivery by Surety of any Bond on behalf of Principal, whether or riot Surety shall have paid any amount on account thereof…

\*\*\*

RESERVE ACCOUNT, If Surety shall establish a reserve account to cover any liability. claim asserted, suit or judgment under any Bond, the Indemnitor shall, immediately upon demand and whether or not Surety shall have made any payment therefor, deposit with Surety a sum of money equal to such reserve account and any increase thereof as collateral security on such Bond, and such sum and other money and property which shall have been or shall thereafter be pledged as collateral security on any such Bond shall be available, at the discretion of Surety, as collateral security on all Bonds coining within the scope of this Agreement or for any other indebtedness of Indemnitor or Principal to Surety. If Indemnitor shall fail, neglect or refuse to deposit with Surety the collateral demanded by Surety, Surety may seek a mandatory injunction to compel the deposit of such collateral together with any other remedy at law or in equity that Surety may have. Surety shall have the right to retain such collateral until Surety has received evidence satisfactory to Surety of Surety's complete discharge and exoneration from any claim or potential claim under all Bonds and until Surety has been fully reimbursed for any and all liability incurred or for claims, demands, damages, costs, loss, expense and attorneys' fees.…

17. After execution of the GIA, and at the request of the Defendants, DEVELOPERS issued the Bonds set forth above.

## IV. FIRST CAUSE OF ACTION
Breach of Contract of Indemnity against All Defendants

18. DEVELOPERS incorporates by reference all of the above paragraphs as if fully set forth herein.

19. DKSL entered into contracts with the State of Hawaii for the Ala Wai and Kalakaua Projects and with the City and County of Honolulu for the Kokea Project. ("Bonded Projects").

20. At the request of Defendants, DEVELOPERS issued the Bonds described above for the Bonded Projects.

21. DKSL LLC failed and/or was unable to meet its obligations under the contracts for the Bonded Projects.

22. As a direct and proximate result of DKSL LLC's failure to complete all of its obligations under the Contracts for the Bonded Projects, several parties, including the Obligees have filed and others may file claims against the Bonds.

23. DEVELOPERS has received claims on the Bonds, including, without limitation, claims and demands from Obligees, subcontractors and/or suppliers of DKSL LLC and has incurred attorney's fees, consultant fees and other costs in connection with the claims in an amount in excess of Seventy Five Thousand and no/100 Dollars ($75,000.00).

24. By letter dated March 9, 2017, DEVELOPERS made a demand for collateral, indemnification and reimbursement to Defendants, to deposit with DEVELOPERS cash or other property, as collateral security, to protect DEVELOPERS from all of the losses as a result of the claims against the Bonds, issued on behalf of DKSL LLC. A true and correct copy of the collateral demand letter is attached hereto as Exhibit "2" and incorporated herein by this reference.

25. Defendants have failed and/or refused to deposit with DEVELOPERS any cash or other property as collateral security.

26. On or about March 30, 2017, DEVELOPERS filed a Declaratory Relief Complaint in the Circuit Court of the First Circuit, State of Hawaii against the Obligee, State of Hawaii, in connection with the Kalakaua Project in Civil No. 17-1-0532-03.

27. As a result of these claims, DEVELOPERS has incurred, and will continue to incur, losses, costs, attorneys' fees and expenses in investigating and discharging DEVELOPERS' obligations under the Bonds and in bringing the present action, in amounts to be proven at trial.

28. The Defendants' breach of the GIA include, but are not necessarily limited to the following:

    a. Defendants' failure to complete the Bonded Projects;

    b. Defendants' failure to exonerate and indemnify DEVELOPERS from and against any and all liability for

losses, fees, costs and expenses of whatsoever kind or nature arising out of claims made against the Bonds;

c. Defendants' failure to deposit with DEVELOPERS, promptly upon demand, a sum of money equal to an amount determined by DEVELOPERS for collateral security of a type and value satisfactory to DEVELOPERS, to cover that liability;

d. Defendants' failure to make payments of properly due and owing invoices and claims in connection with the Bonded Contracts.

29. DEVELOPERS has made repeated demands of the Defendants to comply with their obligations under the terms of the GIA, but Defendants have failed and/or refused to perform those obligations.

30. Based on the Defendants' failure to perform under the Contract, the GIA, and the Bond, DEVELOPERS has suffered damages in an amount to be proven at trial, but in any event likely to exceed $200,000.00. DEVELOPERS may incur additional damages for the Defendants' subsequent or additional breaches of the Project Contract, the GIA, and the Bond.

31. DEVELOPERS expects to suffer ongoing damages in the nature of costs to resolve claims including, but not limited to, attorneys' fees, costs, and expenses as a result of the potential lawsuits and claims on the Bonds.

32. DEVELOPERS performed all of the terms, covenants, and conditions on their part to be performed under the terms of the GIA and the Bonds.

33. WHEREFORE, as set forth below, DEVELOPERS prays for judgment against the Defendants, and each of them, in an amount to be proven at trial, but in any event no less than $200,000.00, plus attorneys' fees, costs, interest, and any other additional expenses and damages incurred and to be incurred as a result of the Defendants' breach of the GIA and the Bonds.

## V. SECOND CAUSE OF ACTION
Unjust Enrichment against All Defendants

34. DEVELOPERS incorporates by reference all of the above paragraphs as if fully set forth herein.

35. At the instance and request of the Defendants, and based upon the promise of exoneration and indemnification, DEVELOPERS issued the Bond on behalf of DKSL LLC that caused DEVELOPERS to incur significant losses.

36. To date, DEVELOPERS has paid claims against the Bonds and incurred costs and expenses in connection with the claims. The losses incurred to date by DEVELOPERS remain un-reimbursed by the Defendants and the total losses incurred by DEVELOPERS will likely have a reasonable value of at least $200,000.00.

37. The Defendants received the benefits of DEVELOPERS' performance, and continue to enjoy the benefits there under, but have not compensated DEVELOPERS for the losses incurred and to be incurred in settling

claims made against the Bond. The Defendants, therefore, have been unjustly enriched.

38. DEVELOPERS suffered damages in an amount to be proven at trial but in any event likely to exceed $200,000.00 as a direct and proximate result of the Defendants' failure to exonerate and indemnify DEVELOPERS.

39. WHEREFORE, as set forth below, DEVELOPERS prays for judgment against the Defendants, and each of them, for all damages in an amount to be proven at trial, but in any event no less than $200,000.00, plus attorneys' fees, costs, interest at the highest rate permitted by law, expenses and other damages.

## VI. THIRD CAUSE OF ACTION
### Quia Timet against All Defendants

40. DEVELOPERS incorporates by reference all of the above paragraphs as if fully set forth herein.

41. The Defendants, and each of them, are obligated under the doctrine of Quia Timet to post collateral security to DEVELOPERS for all losses and expenses to be incurred as a consequence of the Bonds issued on behalf of the Defendants, and each of them.

42. The Defendants have failed to date to discharge their duties under the GIA by failing to deposit collateral and failing to exonerate, indemnify, and hold DEVELOPERS harmless.

43. DEVELOPERS is informed and believes that the Defendants will attempt to avoid their obligations to exonerate and indemnify DEVELOPERS under the terms of the GIA by transferring and/or conveying their assets to satisfy obligations other than those covered by the Bond or otherwise included within the scope of the GIA, or liquidating their assets and avoiding the jurisdiction of this Court.

44. DEVELOPERS is informed and believes that Defendant Steven and Patricia Lee have already sold their residence at 616 Ulili Street, Honolulu, Hawaii which had a tax assessed value in 2015 of over $2,000,000.00.

45. DEVELOPERS has no adequate remedy at law for the injuries currently being suffered. If the Defendants are not immediately enjoined from transferring their assets, the assets will be disposed of permanently, and the Defendants will render themselves insolvent, all to the prejudice of DEVELOPERS.

46. As a proximate result of the conduct of the Defendants, and each of them, DEVELOPERS has been or will be damaged so long as the Defendants are able to circumvent their obligations to DEVELOPERS under the GIA by transferring their assets. The full amount of this damage is potentially in excess of $200,000.00.

47. DEVELOPERS is entitled to receive a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining the Defendants,

and each of them, as well as their agents, servants, employees, and all persons acting under, in concert with, or for them from further transferring assets absent further court order.

48. WHEREFORE, as set forth below, DEVELOPERS prays for judgment against all Defendants, and each of them, in an amount according to proof at trial.

## VII. PRAYER FOR RELIEF

WHEREFORE, DEVELOPERS prays for judgment as follows:

1. On the First Cause of Action, DEVELOPERS prays for damages in an amount according to proof at trial, but in an amount not less than $200,000.00, plus attorneys' fees, costs, interest, and any other additional expenses and damages to be incurred against all Defendants;

2. On the Second Cause of Action, DEVELOPERS prays for damages in an amount according to proof at trial, but in an amount not less than $200,000.00, plus attorneys' fees, costs, interest at the highest rate permitted by law, and any other additional expenses and damages to be incurred against all Defendants;

3. On the Third Cause of Action, DEVELOPERS prays for a temporary restraining order, preliminary injunction, and permanent injunction enjoining the Defendants from transferring assets and/or requiring the Defendants to post collateral in an amount of $200,000.00 or in an amount sufficient to protect

DEVELOPERS from any losses on the Bond, including attorneys' fees, costs, and expenses at the time of the Court's ruling;

    4.    For DEVELOPERS's costs of suit herein;

    5.    For reasonable attorneys' fees incurred by DEVELOPERS in prosecution of this action; and

    6.    For such other and further relief as the Court deems just, equitable and proper.

DATED: Honolulu, Hawaii, this 17th day of May, 2017.

OGAWA, LAU, NAKAMURA & JEW

/s/Roy T. Ogawa
ROY T. OGAWA
Attorney for Plaintiff
DEVELOPERS SURETY AND
INDEMNITY COMPANY